# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ROOSEVELT P. BROWN JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CV415-210 |
| CLAY TATUM, Warden, | ) ) ) |
| Respondent. | ) ) |

## ORDER

Convicted on May 11, 2009 in Chatham County Superior Court of burglary and sentenced to twenty years as a recidivist (doc. 1 at 2-3), Roosevelt Brown seeks to vacate his conviction under 28 U.S.C. § 2254. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows all but one claim in his petition must be dismissed.

## I. BACKGROUND

After his jury trial and conviction, Brown appealed. Doc. 1 at 3. That failed. *Id.* He then filed for state habeas relief based on ineffective assistance of counsel (IAC) claims. *Id.* On December 22, 2014 that petition also failed. *Id.* at 4. He sought a certificate of probable cause to appeal from the Georgia Supreme Court, which rejected his request on

July 6, 2015. *Id.* Brown timely filed the present petition less than three weeks later. *Id.* at 13

In Ground One, Brown contends that his trial attorney deficiently performed by failing to (1) call medical personnel as witnesses, (2) raise the "issue of Petitioner's substance abuse," or (3) "explain the overwhelming nature of the state's case to Petitioner." Doc. 1 at 6. Appellate counsel then allegedly "failed to call trial counsel as [a] witness." *Id.*

Brown also claims that the state habeas court's decision "was contrary to the U.S. Supreme Court's precedents on ineffective assistance of counsel"[1] (Ground Two); that its findings were

---

[1] Long has it been the case that

> [t]o prevail on a claim of ineffective assistance of appellate counsel, a habeas petitioner must establish that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Brooks v. Comm'r, Ala. Dep't of Corr.*, 719 F.3d 1292, 1300 (11th Cir. 2013) ("Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland.") (quotation marks omitted). Under the deficient performance prong, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064.

*Rambaran v. Sec'y, Dep't of Corr.*, ___ F.3d ___, 2016 WL 2621215 at * 5 (11th Cir. May 9, 2016). And prejudice occurs if "'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Rivers v. United States*, 2016 WL 2646647 at * 1 (S.D. Ga. May 9, 2016) (quoting *Strickland*, 466 U.S. at 687.

"unreasonable in light of the evidence," which showed "that Petitioner received [IAC]" (Ground Three); and that it denied him a fair hearing by not allowing his trial or appellate counsel to testify at "the state evidentiary hearing" (Ground Four). Doc. 1 at 6. The Court addresses those three grounds first.

## II. ANALYSIS

### A. Grounds 2-4

Grounds 2 and 3 are not free-standing claims. Instead, they are arguments intended to hurdle the deferential review standard[2] this Court must apply when considering "claim[s] adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). They thus cannot alone warrant relief.

---

[2] "Under that standard, a federal court may grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," *Rambaran*, 2016 WL 2621215 at * 5, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C § 2254(d)(2). When the federal law being applied is the standard for IAC claims, review is doubly deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "This double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013). "'If this standard is difficult to meet, that is because it was meant to be.'" *Rambaran*, 2016 WL 2621215 at * 5 (quoting *Harrington*, 562 U.S. at 102).

3

Ground Four, meanwhile, fails to satisfy § 2254's heightened pleading standard.

> Those who seek habeas relief cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir.1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations)." *Jeffcoat v. Brown*, 2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v. United States*, 2013 WL 6234694 at * 2–3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone); *see also Johnson v. Razdan*, 2014 WL 1689021 at * 2 (11th Cir. Apr. 30, 2014) ("Although *pro se* briefs are to be construed liberally, a *pro se* litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

*Riggs v. Warden, Ware State Prison*, 2015 WL 2342056 at * 3 n. 7 (S.D. Ga. May 13, 2015), *adopted* 2015 WL 3549998 (S.D. Ga. May 29, 2015). Because Brown pleads no facts to support Ground Four (he never even says *why* the state court prevented his attorney from testifying, much less how that impacted the fairness of his hearing), it dies.

**B.     Ground One**

Three of Ground One's four separate IAC claims also fail to surmount § 2254's pleading standard.  Brown's "medical personnel," "substance abuse," and IAC-on-appeal claims, like Ground Four, contain

no supporting facts. He states only that "counsel failed to call medical personnel as witnesses" (doc. 1 at 6); "counsel clearly deprived Petitioner of the procedural right at the sentencing proceeding to present a presentence investigative report which would have shown Petitioner's substance abuse" (*id.* at 11); and that "counsel failed to call trial counsel as witness" (*id.* at 6). Brown never says what the "medical personnel" would have offered, how omitting his substance abuse affected his sentencing, or even what trial counsel would have testified to at the state habeas proceeding. Because he included no "substantive argument on" any of those "unsupported generalizations," they fail. *Riggs*, 2015 WL 2342056 at * 3.

Brown spends the vast majority of his brief recounting how his attorney deficiently performed by "failing to explain the overwhelming nature of the state's case to Petitioner." Doc. 1 at 10. Specifically, counsel failed to "inform[] him of the implication of the fingerprint evidence," *id.* at 9, and did "not allow[ Brown] to view his discovery until moments before he had to make a decision about taking a plea or not." *Id.* at 10. "Had [Brown] known about the strength of the state's case

against him, the evidence shows that he would not have gone to trial, but would have accepted the state's negotiated plea." *Id.* at 11.

Maybe the evidence shows just that (or maybe not). Maybe the state habeas court ruling is reasonable and thus controlling here. The Court at this juncture cannot say because the record includes only Brown's petition. Based on that alone, it does not "plainly appear" that he "is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases. Consequently, the respondent is **ORDERED** to file a response within 45 days after e-service of this Order[3] and to show cause why relief *on Ground One alone* (only Brown's "strength of the state's case" IAC claim survives preliminary review) should not be granted.

**SO ORDERED**, this  19th   day of May, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] After the filing of this case, the Court and the Attorney General of Georgia entered into a Memorandum of Understanding whereby the AG "has agreed to accept electronic service of petitions for writ of habeas corpus filed by state prisoners under . . . § 2254." *In re General Order*, MC415-022, doc. 1 (S.D. Ga. Dec. 3, 2015). Despite the MOU post-dating this case's initiation, nothing in it prohibits e-service in cases filed before December 2015. The Clerk therefore is **DIRECTED** to e-serve the AG at the email addresses listed in the MOU. *See id.* at 2.