# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ROOSEVELT P. BROWN JR., )
                                              )
    Petitioner, )
                                              )
v. )   Case No. CV415-210
                                              )
CLAY TATUM, Warden, )
                                              )
    Respondent. )

## REPORT AND RECOMMENDATION

Convicted on May 11, 2009 in Chatham County Superior Court of burglary and sentenced to twenty years as a recidivist (doc. 1 at 2-3), Roosevelt Brown seeks to vacate his conviction under 28 U.S.C. § 2254. Review of the parties' briefing shows that his petition must be dismissed as untimely.

Brown had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1).[1] That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL

---

[1] That provision includes other events which trigger the one-year limitations period, but none apply here. *See* 28 U.S.C. § 2244(d)(2)-(4).

61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play.").

Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at * 3 (S.D. Ga. May 21, 2013).

The Georgia Court of Appeals affirmed Brown's conviction and sentence on July 27, 2011. Doc. 17-3 at 1. Pursuant to that court's rules, he then had ten days to file a notice of intent to petition for a writ of certiorari. Ga. Ct. App. R. 38(a)(1). He never did, so his conviction

became final on Monday, August 8, 2011[2] when those ten days expired. *See Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653 (2012) (finality attaches for petitioners who do not pursue the appellate review process all the way to the Supreme Court when the time for seeking such review expires) (citing 28 U.S.C. § 2244(d)(1)(A)).

Brown then had one year -- until August 8, 2012 -- to either file a § 2254 petition, or toll the limitations period by seeking state collateral relief. 28 U.S.C. § 2244(d)(2); *Rich*, 512 F. App'x at 982–83. He didn't file his state habeas corpus petition until October 12, 2012 (doc. 17-4 at 1), 432 days after his conviction became final, and 66 days after the one-year limitations period ended. That state filing therefore had no tolling effect, since no time remained on his § 2254 clock. *Webster*, 199 F.3d at 1259.

Accordingly, Brown's § 2254 petition is untimely and should be **DENIED**. His motion for leave to proceed *in forma pauperis* is **GRANTED**. Doc. 2. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2

---

[2] Ten days from July 27, 2011 fell on Saturday, August 6, 2011. Pursuant to O.C.G.A. § 1-3-1(d)(3) (and Fed. R. Civ. P. 6(a)(1)(C), for that matter), the due date became the following Monday, August 8, 2011.

(S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2254 Cases ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Leave to proceed *in forma pauperis* on appeal therefore is moot.

**SO REPORTED AND RECOMMENDED**, this  25th   day of July, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA